[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 01-2547

FRANCISCO BATISTA-DOMINICCI,

Plaintiff, Appellant,

v.

JULIO GIL-DE-LA-MADRID, ET AL.,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

---

Before

Boudin, Chief Judge,
Selya and Lipez, Circuit Judges.

---

Francisco Batista Dominicci on brief pro se.
Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco, Assistant United States Attorney, and Nelson Perez-Sosa, Assistant United States Attorney, on brief for appellee.

---

July 12, 2002

---

**Per Curiam**. Francisco Batista-Dominicci appeals from the district court's sua sponte dismissal, pursuant to 28 U.S.C. § 1915A, of his civil rights action, brought under the authority of Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395-97 (1971), against his former defense counsel, Julio Gil-de-la-Madrid, and the Assistant U.S. Attorney ("AUSA") who prosecuted him, Jacabed Rodriguez-Coss. He claimed that his attorney and the AUSA conspired against him and coerced him into signing a plea bargain agreement that the district court later allowed to be withdrawn. Additionally, Batista asserted many claims of legal malpractice against his attorney, alleging counsel failed to keep confidential information secret and engaged in conflicting representation of a codefendant.

The district court concluded that AUSA Rodriguez was absolutely immune for actions taken in her role as a prosecutor and that Gil-de-la-Madrid was a private actor. Consequently, the court dismissed the complaint. We affirm the dismissal, for essentially the reasons stated in the district court's opinion. We add that Batista's allegations that a conspiracy existed between AUSA Rodriguez and Gil-de-la-Madrid were conclusory, and thus insufficient to convert the private actions of Gil-de-la-Madrid into federal action for the purposes of this suit, or to overcome AUSA Rodriguez's claim to absolute immunity. (We have observed, in dicta, that proper allegations of conspiracy could overcome an absolute immunity

2

claim of a prosecutor.  See Malachowski v. City of Keene, 787 F.2d 704, 711 (1st Cir. 1986)).

Batista argues, for the first time in his reply brief and without legal support, that a prosecutor is not entitled to absolute immunity when a criminal defendant's Fifth and Sixth Amendment rights are violated.  We generally do not consider arguments raised for the first time in a reply brief, see United States v. Lemmerer, 277 F.3d 579, 592 (1st Cir. 2002), and in any event, find no support in our case law for such a proposition.

The district court's dismissal of the complaint is affirmed.